UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CASTEN CLAUSNER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:25-CV-00711-SPM |
| AMERICAN MULTISPECIALTY GROUP INC., d/b/a ESSE HEALTH, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Consolidate filed by Defendant American Multispecialty Group, Inc. d/b/a Esse Health ("Esse Health"). (ECF No. 16). Esse Health moves to consolidate this action with six other putative class actions that were recently removed to this Court. For the following reasons, the motion will be granted.

### I.   BACKGROUND

On May 15, 2025, Plaintiff Casten Clausner filed this putative class action lawsuit against Esse Health relating to a data security incident that occurred in April 2025. Plaintiff alleges that Esse Health failed to properly safeguard protected health information ("PHI") and personally identifiable information ("PII") of patients and/or employees. Plaintiff alleges that the data breach caused injuries including invasion of privacy, theft of PHI/PII, lost or diminished value of PII, costs of investigating or mitigating the consequences of the breach, loss of the benefit of the bargain, and risks that PII will be misused in the future. Plaintiff asserts claims of negligence, breach of implied contract, unjust enrichment, invasion of privacy, and violation of Section 5 of

1

the Federal Trade Commission Act, 15 U.S.C. § 45. Plaintiff seeks to represent a proposed nationwide class defined as follows: "All individuals residing in the United States whose PHI/PII were accessed and acquired by an unauthorized party as a result of a data breach that occurred on, or about, April 2025, as reported by Defendant." Complaint, ECF No. 1, ¶ 66.

Six other putative class action lawsuits arising from the same April 2025 data breach were filed against Esse Health in Missouri state court. Esse Health removed each of those cases to this Court on June 18, 2025. Those cases are captioned as follows: *Proffitt v. American Multispecialty Group Inc. d/b/a Esse Health*, No. 4:25-CV-00884-SRC, *Stuart v. American Multispecialty Group Inc. d/b/a Esse Health*, No. 4:25-CV-00886-SRW, *Wippold v. American Multispecialty Group Inc. d/b/a Esse Health*, No. 4:25-CV-00889-RHH, *Garside v. American Multispecialty Group Inc. d/b/a Esse Health*, No. 4:25- CV-00890-SRW, *Willis v. American Multispecialty Group Inc. d/b/a Esse Health*, No. 4:25-CV-00892-RHH, and *Walker v. American Multispecialty Group, Inc. d/b/a Esse Health*, No. 4:25-CV-00893-SPM  (collectively, the "Related Actions."). The facts and injuries alleged in the Related Actions are very similar to those alleged in this action. The specific claims asserted in each action are not identical, but each actions includes claims of negligence, unjust enrichment, and breach of implied contract. The proposed class definitions in four of the Related Actions are substantively identical to the nationwide class action proposed in this action. However, the *Wippold* action proposes a class of "Missouri citizens," and the *Walker* action proposes a class of individuals "residing in the State of Missouri."

## II.  DISCUSSION

Esse Health now moves to consolidate this action with the Related Actions. Consistent with Local Rule 4.03, Esse Health filed the motion in this action because it is the case bearing the lowest number. *See* E.D. Mo. L.R. 4.03 ("A party desiring the consolidation of related cases shall

file a motion in the case bearing the lowest cause number. . . . The district or magistrate judge presiding in the lowest-numbered case shall rule on the motion."). Also consistent with Local Rule 4.03, Esse Health filed in each of the Related Actions a notice of the motion to consolidate, to which the motion was attached. No responses to the motion to consolidate have been filed.

Under Rule 42(a) of the Federal Rules of Civil Procedure, "If actions before the court involve common questions of law or fact, the court may: . . . (2) consolidate the actions . . . ." Fed. R. Civ. P. 42(a). A district court has broad discretion in determining whether to order consolidation. *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). "The threshold issue is whether the proceedings involve a common party and common issues of fact or law.." *A.O.A. v. Doe Run Res. Corp.*, No. 4:11CV44 CDP, 2016 WL 1182631, at *2 (E.D. Mo. Mar. 28, 2016). "The mere existence of common issues, however, does not mandate that the cases be joined." *Id.* Consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

After review of Esse Health' motion and the complaints in all seven actions, the Court finds that consolidation is appropriate here. The actions involve a common defendant. The actions arise from the same incident, involve similar alleged injuries, and assert several of the same causes of action. The actions are all at the same stage of litigation, and they will likely involve very similar discovery, defenses, and dispositive motions. The Court finds that consolidation will promote efficiency, convenience, and judicial economy. Additionally, no party has suggested that it will be prejudiced by consolidation. The Court will therefore grant the motion to consolidate. *See In re Navvis & Co., LLC Data Breach Litig.*, No. 4:24-CV-00029-AGF, ECF No. 21 (E.D. Mo. Feb. 9, 2024) (consolidating several putative class actions where the cases "ar[o]se out of similar facts, gr[ew]w out of the same alleged data breach, ha[d] proposed class definitions that will encompass

the same persons, involve[d] the same defendant, and present[ed] common questions of law and fact"); *Lowe v. Pecorella*, No. 4:23-CV-798-MTS, 2023 WL 4743246, at *1 (E.D. Mo. July 25, 2023) (finding consolidation was warranted where "[t]he cases involve[d] the same or similar parties, causes of action, and allegations").

III.    CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that the Motion to Consolidate filed by Defendant American Multispecialty Group, Inc. d/b/a Esse Health ("Esse Health") (ECF No. 16) is **GRANTED**. The Clerk is ordered to reassign the following cases to the undersigned and consolidate them with the instant case for all purposes:

   a. *Proffitt v. American Multispecialty Group Inc. d/b/a Esse Health*, No. 4:25-CV-00884-SRC

   b. *Stuart v. American Multispecialty Group Inc. d/b/a Esse Health*, No. 4:25-CV-00886-SRW

   c. *Wippold v. American Multispecialty Group Inc. d/b/a Esse Health*, No. 4:25-CV-00889-RHH

   d. *Garside v. American Multispecialty Group Inc. d/b/a Esse Health*, No. 4:25- CV-00890-SRW

   e. *Willis v. American Multispecialty Group Inc. d/b/a Esse Health*, No. 4:25-CV-00892-RHH, and

   f. *Walker v. American Multispecialty Group, Inc. d/b/a Esse Health*, No. 4:25-CV-00893-SPM.

**IT IS FURTHER ORDERED** that the Clerk shall docket and file a copy of this Memorandum and Order in each of the above-noted cases.

**IT IS FINALLY ORDERED** that the Clerk of Court shall administratively close each of the above-noted cases. All future documents shall be filed only in this action, Case No. 4:25-CV-00711-SPM. No further filings will be accepted in the closed cases.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of July, 2025.