UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CASTEN CLAUSNER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:25-CV-00711-MAL ) |
| AMERICAN MULTISPECIALTY GROUP INC., d/b/a ESSE HEALTH | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Consolidate filed by Defendant American Multispecialty Group, Inc. d/b/a Esse Health ("Esse Health"). Doc. 30.[1] Esse Health moves to consolidate this action with *Doering, v. American Multispecialty Group, Inc.*, No. 4:25-cv-1302 (E.D. Mo.), a putative class action recently removed to this Court. If Plaintiffs Casten Clausner et al. had opposed this motion, their response would have been due on September 1, 2025. E.D. Mo. L.R. 4.01(B). Thus, this Court considers the motion unopposed. For the following reasons, this Court **GRANTS** the motion to consolidate.

I.   BACKGROUND

On May 15, 2025, Plaintiff Casten Clausner filed this putative class action lawsuit against Esse Health relating to a data security incident that occurred in April 2025. Clausner alleges that Esse Health failed to properly safeguard protected health information ("PHI") and personally identifiable information ("PII") of patients and/or employees. Clausner alleges that

---

[1] All record citations use the page numbers assigned by the CM/ECF Electronic Document Filing System. Record citation from *Clausner et al v. American Multispecialty Group Inc.* 4:25-cv-00711-MAL will be referred to as "Doc." Record citations from *Doering v. American Multispecialty Group, Inc.* 4:25-cv-01302-JMD will be referred to as "Doering Doc."

the data breach caused injuries including invasion of privacy, theft of PHI/PII, lost or diminished value of PHI/PII, costs of investigating or mitigating the consequences of the breach, loss of the benefit of the bargain, and risks that PII will be misused in the future. Clausner asserts claims of negligence, breach of implied contract, unjust enrichment, invasion of privacy, and violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45. Clausner seeks to represent a proposed nationwide class defined as follows: "All individuals residing in the United States whose PHI/PII were accessed and acquired by an unauthorized party as a result of a data breach that occurred on, or about, April 2025, as reported by Defendant."

Six other putative class action lawsuits arising from the same April 2025 data breach were filed against Esse Health in Missouri state court. Doc. 20. Esse Health removed each of those cases to this Court on June 18, 2025. Doc. 20. They were consolidated with this action on July 14, 2025. Doc. 20. (together, the "Related Actions")

On August 28th, 2025, Esse Health removed another putative class action lawsuit arising from the same data breach from state to federal court. The case is captioned as follows: *Doering v. American Multispecialty Group, Inc.*, No. 4:25-cv-01302-JMD. The facts and injuries alleged in *Doering* is very similar to those alleged in the Related Actions. Though not all claims asserted in the Related Actions are identical, each action includes claims of negligence, unjust enrichment, and breach of implied contract. Doc. 1; *Doering* Doc. 1. The proposed class definitions in *Doering* and *Clausner* are virtually identical. Doc. 1; *Doering* Doc 1. Esse Health now moves to consolidate *Doering* with the Related Actions.

## II.    DISCUSSION

Consistent with Local Rule 4.03, Esse Health filed the motion in this action because it is the case bearing the lowest number. *See* E.D. Mo. L.R. 4.03 ("A party desiring the consolidation

of related cases shall file a motion in the case bearing the lowest cause number. ...The district or magistrate judge presiding in the lowest-numbered case shall rule on the motion."). Also consistent with Local Rule 4.03, Esse Health filed in *Doering* a notice of the motion to consolidate, to which the motion was attached. No responses to the motion to consolidate have been filed.

Under Rule 42(a) of the Federal Rules of Civil Procedure, "If actions before the court involve common questions of law or fact, the court may: ...  (2) consolidate the actions." Fed. R. Civ. P. 42(a).  A district court has broad discretion in determining whether to order consolidation. *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). Consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HEE Corp.,* 135 F.3d 543, 551 (8th Cir. 1998).

After review of Esse Health' motion and the complaints, the Court finds that consolidation is appropriate here. The actions involve a common defendant. The actions arise from the same incident, involve similar alleged injuries, and assert several of the same causes of action. The actions will likely involve very similar discovery, defenses, and dispositive motions. The Court finds that consolidation will promote efficiency, convenience, and judicial economy. Additionally, no party has suggested that it will be prejudiced by consolidation. The Court will therefore grant the motion to consolidate. *See In re Navvis & Co., LLC Data Breach Litig.,* No. 4:24-CV-00029-AGF, ECF No. 21 (E.D. Mo. Feb. 9, 2024) (consolidating several putative class actions where the cases "ar[o]se out of similar facts, gr[ew] out of the same alleged data breach, ha[d] proposed class definitions that will encompass the same persons, involve[d] the same defendant, and present[ed] common questions of law and fact"); *Lowe v. Pecorella,* No. 4:23-CV-798-MTS, 2023 WL 4743246, at *1 (E.D. Mo. July 25, 2023) (finding consolidation was warranted where "[t]he cases involve[d] the same or similar parties, causes of action, and allegations").

### III.    CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that Esse Health's Motion to Consolidate (Doc. 30) is **GRANTED.** The Clerk is ordered to reassign *Doering v. American Multispecialty Group, Inc*. 4:25-cv-01302-JMD to the undersigned and to consolidate it with the instant case for all purposes.

**IT IS FURTHER ORDERED** that the Clerk shall docket and file a copy of this Memorandum and Order in both this case and in case no. 4:25-cv-01302-JMD.

**IT IS FINALLY ORDERED** that the Clerk shall administratively close *Doering v. American Multispecialty Group, Inc*., 4:25-cv-01302-JMD.

All future documents shall be filed only in this action, Case No. 4:25-CV- 00711-MAL. No further filings will be accepted in the closed case.

Dated this 30th day of October 2025.

*Maria A. Lanahan*
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE